IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Joseph O'Brien and Tamara O'Brien, Plaintiffs, v. Liberty Mutual Insurance, Defendant. | CIVIL ACTION NO. 21-cv-01234 |

**MEMORANDUM RE: MOTION TO DISMISS**

**Baylson, J.**                                                                                                    **July 28, 2021**

**I.    Introduction**

Before the Court is Defendant Liberty Mutual Insurance's ("Liberty Mutual") Motion to Dismiss Plaintiffs Joseph and Tamara O'Brien's Complaint, which alleges three claims:

- Count I: Breach of Contract
- Count II: Bad Faith (as defined under 42 Pa. Cons. Stat. § 8371)
- Count III: Loss of Consortium

Defendant seeks dismissal of Count II (Bad Faith) and Plaintiffs' request for attorney's fees and costs in Count I (Breach of Contract) pursuant to Federal Rule of Civil Procedure 12(b)(6) and Local Rule 7.1(c).  Beyond the issue of attorney's fees, Defendant does not challenge the sufficiency of Count I.  Nor does Defendant challenge Count III.  For the reasons stated below, Defendant's Motion to Dismiss Count II of Plaintiff's Complaint will be granted without prejudice and any request for attorney's fees under Count I will be dismissed with prejudice as unopposed.

1

## II. Factual Allegations and Procedural History

Based on the allegations in Plaintiffs' Complaint (ECF 1, "Compl."), which this Court must accept as true for purposes of Defendant's Motion to Dismiss, the relevant facts are as follows. As alleged, Joseph O'Brien was injured in a car accident, caused by third-party driver Jennifer Bullman. Ms. Bullman was obligated to pay for some of Mr. O'Brien's injuries, but her insurance could not cover all of those obligations. Plaintiffs (Joseph O'Brien and his wife Tamara O'Brien) are now suing their own insurance company, Liberty Mutual, for underinsured motorist coverage ("UIM"), which covers costs in excess of Ms. Bullman's insurance coverage.

On March 15, 2021, Plaintiffs filed this lawsuit against Liberty Mutual. Defendant filed the present Motion to Dismiss on May 17, 2021. Plaintiffs filed their opposition on June 8, 2021, and Defendant filed a reply brief in further support of its motion on June 15, 2021.[1]

## III. Legal Standard

Dismissal under Rule 12(b)(6) is appropriate when a plaintiff has "fail[ed] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss, the court must accept all well-pleaded allegations as true and construe them in the light most favorable to the plaintiff. Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011). It is well-established that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. This plausibility standard establishes that

---

[1] Defendant also argues the Plaintiffs' opposition brief should be stricken as untimely, but the Court rejects this argument given that Plaintiffs filed it only eight days after it was due, and judges have been consistent in liberally extending deadlines during the COVID-19 pandemic.

2

factual allegations must be "enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–56 (2007). Accordingly, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678. In Phillips v. Allegheny Cnty. the Third Circuit interpreted the Twombly and Iqbal standard as requiring enough factual allegations to be presented in the complaint as to raise a reasonable expectation that further discovery will uncover evidence of the necessary elements. Phillips v. Cty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008).

## IV. Parties' Arguments

Defendant argues that Count II should be dismissed with prejudice because Plaintiffs have not alleged facts sufficient to sustain a cause of action for Bad Faith. Specifically, Defendant argues that Plaintiffs "have not alleged any facts regarding Defendant's acts or omissions other than its not having paid UIM limits upon their demand" and that this allegation does not, in and of itself, give rise to a sufficient claim of Bad Faith.

In response, Plaintiffs argue that their Bad Faith claim is factually and statutorily well-pled and fulfills the standard under Twombly and Iqbal. Plaintiffs' main allegations in support of Count II of the Complaint (Bad Faith) are that Defendant failed to provide Plaintiffs contracted-for insurance coverage and, by doing so, forced Plaintiff to file the instant action to recover UIM benefits. (Compl. ¶ ¶ 27–32). Plaintiffs also allege that Defendant created "a false and/or patently unreasonable pretext to deny benefits" and that Defendant used "invasive and improper investigative tactics." (Compl. ¶ 27).[2] In their opposition brief, Plaintiffs include an

---

[2] Other conclusory allegations include, for example: "[c]ompelling its insured to file suit and engage in litigation when a less costly and less time-consuming method of resolving a dispute . . . exists," "[c]ontinuously and systematically failing to communicate any offer of settlement or denial of benefits to Plaintiff" and "[p]urposefully ignoring Plaintiff and Plaintiff's demand for underinsured motorist benefits when Defendant knows, or should know, that Plaintiff is entitled to same." (Compl. ¶¶ 27, 32).

additional description not included in the original Complaint, describing Plaintiffs' interactions with a Liberty Mutual claims adjuster. (ECF 8 at 2, "Opposition"). Plaintiffs allege that on or about November 13, 2020, Plaintiffs provided the claims adjuster with "all medical reports, bills, investigation and relevant claims materials" for Defendant to evaluate Plaintiffs' claim for UIM benefits and thereafter the claims adjuster "advised that she felt that Plaintiff had been adequately compensated from the third party 'especially considering he was a prior construction worker.'" (Opposition at 2).

**V.     Discussion**

In Count II of the Complaint, Plaintiffs seek to recover under 42 Pa. Cons. Stat. § 8371, which "provides a statutory remedy for bad faith conduct by insurers and allows courts to award interest, punitive damages, and court costs and attorney fees against the insurer." Dietz v. Liberty Mut. Ins. Co., No. 20-cv-1239, 2020 WL 3414660, at *2 (E.D. Pa. June 22, 2020) (Baylson, J.).

Bad faith claims in the insurance context, pursuant to this statute, encompass any frivolous or unfounded refusal to pay the proceeds of a policy. Terletsky v. Prudential Prop. & Cas. Ins. Co., 437 Pa. Super. 108, 649 A.2d 680, 688 (Pa. Super. 1994). For an insurer's failure to pay a claim to be considered in bad faith, the plaintiff must allege an underlying element of self-interest or ill will. Id. Mere negligence or bad judgment on the part of an insurer is not considered to be bad faith. Id. In alleging bad faith in the context of a UIM benefits dispute, a "plaintiff cannot merely say that an insurer acted unfairly, but instead must describe with specificity what was unfair." Pierchalski v. Pryor, No. 19-cv-01352, 2020 WL 5994981, at *5 (W.D. Pa. Oct. 9, 2020). Third Circuit courts have "routinely dismissed bad faith claims that recite only 'bare-bones' conclusory allegations." Camp v. New Jersey Mfrs. Ins. Co., No. 16-cv-

1087, 2016 WL 3181743, at *4 (E.D. Pa. June 8, 2016) (Heffley, M.J.). This court in particular has previously dismissed bad faith claims for lack of sufficient facts to support the allegations. See, e.g., Baxley v. State Farm Mut. Auto. Ins. Co., No. 20-cv-5512, 2021 WL 149256, at *2–3 (E.D. Pa. Jan. 15, 2021) (Baylson, J.) (dismissing a bad faith claim that failed to sufficiently allege facts to support the claim); Dietz, 2020 WL 3414660, at *4 (granting motion to dismiss a bad faith claim that was "devoid of specific factual allegations").

The factual allegations in this case are similarly deficient as those discussed in this court's recent Baxley decision. In Baxley, the plaintiff alleged that she sustained injuries in a third-party vehicular accident and subsequently filed a lawsuit against her insurance company for breach of contract and bad faith. Baxley, 2021 WL 149256, at *1. This court granted the defendant's motion to dismiss the bad faith count. Id. at *3. The plaintiff's allegations in her complaint were insufficient because she did not provide any explanation regarding how the defendant had responded to her claim, or what facts, apart from the defendant's failure to pay her claim, indicated bad faith. Id.

Similarly, here, Plaintiffs do not provide sufficient factual allegations on which the Court can reasonably infer Defendant's ill will. Defendant's argument in their motion that this Complaint appears to contain only 'bare-bones' conclusory allegations appears to be accurate. The claims of bad faith as described in ¶¶ 26-32 of the Complaint are overly vague and do not contain any specific factual allegations that suggest bad faith. For example, Plaintiffs plead no specific factual allegations as to how Defendant forced Plaintiffs to file the instant action. Nor does the Complaint give any clarifying details as to what the alleged "false pretexts" and "invasive tactics" utilized by Defendant were. Indeed, Plaintiffs' sole factual allegation in the

Complaint regarding Defendant's action is that Defendant denied Plaintiffs' claim. Just as in Baxley, this does not suffice.

The only specific example that Plaintiffs have presented that may constitute a more definitive instance of bad faith is their alleged interaction with Defendant's claim adjuster. (Opposition 2). However, this account is only included in Plaintiffs' Brief in Opposition, so it cannot be considered in this analysis. See Frederico v. Home Depot, 507 F.3d 188, 201 (3d Cir. 2002) (facts presented in a brief in opposition cannot be considered in court's analysis of motion to dismiss if they were not mentioned in the complaint).

Without factual allegations from which the court can reasonably conclude that Defendant acted in bad faith, the Court must dismiss Count II for failure to state a claim.

## VI. Conclusion

For the foregoing reasons, the court will dismiss Count II without prejudice and with leave to amend within fourteen days. The court will also dismiss with prejudice any request for attorney's fees under Count I as unopposed. An appropriate Order follows.

O:\CIVIL 21\21-1234 O'Brien v. Liberty Mutual Ins\21cv1234 MTD Opinion.docx